UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL HENRY BLANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-CV-780 JAR |
| | ) |
| JOHN DOE, et al., | ) |
| | ) |
| Defendants, | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Michael Henry Blank for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the filing fee and will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). Furthermore, the Court will direct plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

### The Complaint

Plaintiff has filed this complaint against defendants John Doe and Jane Doe. Plaintiff alleges that both defendants committed libel against him. (Docket No. 1 at 5). He states that John Doe posts on blogs called Avenger Social and Avenger News. Both blogs are hosted by WordPress, which is owned by Automattic, Inc., a Delaware corporation.[1]

Plaintiff alleges that John Doe blogs under the handle "Jaybyrdtoldtweety," or simply, "Jaybyrd." On May 28, 2016, John Doe posted a blog entry titled: "Mr. Not So Hardness Michael H. Blank." He alleges that John Doe claimed the post originated from an email sent to

---

[1] Plaintiff does not name Wordpress or Automattic, Inc. as defendants, nor does he direct any allegations at them.

him by Jane Doe, who is referenced in the post as "The Women of Twitter." According to plaintiff, the blog post includes several pictures of him, as well as his main Twitter profile. The post allegedly suggests that plaintiff is impotent; that plaintiff is a crossdresser; and that plaintiff harasses and abuses women. Plaintiff states that Jane Doe emailed the information to John Doe, who posted the information and added his own commentary.

Plaintiff states that he lives in Chesterfield, Missouri. (Docket No. 1 at 2). With regards to John Doe, plaintiff does not provide a job or title, street address, city and county, state and zip code, telephone number, or email address. Likewise, he also does not provide a job or title, street address, city and county, state and zip code, telephone number, or email address for Jane Doe. (Docket No. 1 at 7).

Plaintiff asserts diversity of citizenship as the basis for this Court's jurisdiction. He seeks actual damages in the amount of $10,000 for the time he spent addressing this post, and a further $500,000 in punitive damages based on the "post's targeted & malicious nature." (Docket No. 1 at 6). He also wants the Court to order the disclosure of the identities of the offending parties, the removal of the allegedly libelous post, and the printing of a retraction.[2] (Docket No. 1 at 5).

### Discussion

Plaintiff brings this action against John Doe and Jane Doe, alleging that they libeled him by publishing a defamatory blog post. Having carefully reviewed and liberally construed plaintiff's complaint, and for the reasons discussed below, the Court will order plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

---

[2] Plaintiff requests that the Court order the disclosure of the identities of the offending parties. However, as noted above, John Doe and Jane Doe are the only defendants named in the action. Further, while his complaint names several non-parties, including Avenger Social, Avenger News, and WordPress, he does not specify the entity he believes has this information.

2

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute"). The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement of every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). As such, the issue of subject matter jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

Federal courts have subject matter jurisdiction over both federal question and diversity of citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding that subject matter jurisdiction is lacking if neither diversity of citizenship nor federal question jurisdiction applies); *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting that Congress has directed that district courts shall have jurisdiction in both federal question and diversity cases).

In this case, plaintiff is not alleging the existence of a federal question. However, he does assert diversity of citizenship as the basis of this Court's jurisdiction.

"Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant."

3

*Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). A complaint making a good faith allegation of the jurisdictional amount is sufficient to confer jurisdiction. *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010). However, a "complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id. See also Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002). As to diversity, there is complete diversity of citizenship when no defendant holds citizenship in the same state where the plaintiff holds citizenship. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

The two defendants that plaintiff names in his lawsuit are both fictitious parties. He does not provide any contact information for them, including the state or states where they are citizens. The party asserting diversity jurisdiction has the burden of establishing it. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010). "Given this burden, the general rule has been that, on challenge, the diverse citizenship of the fictitious defendants must be established by the plaintiff in order to continue a federal court action." *Lee v. Airgas Mid-South, Inc.*, 793 F.3d 894, 899 (8th Cir. 2015). *See also Howell by Goerdt v. Tribune Entm't Co.*, 106 F.3d 215, 218 (7th Cir. 1997) ("[B]ecause the existence of diversity jurisdiction cannot be determined without knowledge of every defendants' place of citizenship, 'John Doe' defendants are not permitted in federal diversity suits").

In order for diversity jurisdiction to exist, there must be complete diversity of citizenship. That is, plaintiff cannot be a citizen of the same state as any other defendant. Here, where the defendants are not named and there is no indication as to where they reside, diversity of citizenship has not been established, and the Court is unable to determine whether subject matter

jurisdiction exists. Accordingly, the Court will order plaintiff to show cause as to why this action should not be dismissed for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall show cause, in writing and **no later than twenty-one (21) days from the date of this Order**, why plaintiff's case should not be dismissed for lack of subject matter jurisdiction.

Dated this 13th day of August, 2018.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE