# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL HENRY BLANK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:18-CV-780 JAR |
| JOHN DOE, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Michael Henry Blank's response to the Court's order to show cause. (Docket No. 4). For the reasons discussed below, the Court will dismiss plaintiff's complaint without prejudice for lack of subject matter jurisdiction.

## Background

Plaintiff filed his pro se complaint on May 21, 2018. (Docket No. 1). The complaint names John Doe and Jane Doe as defendants. (Docket No. 1 at 5). Plaintiff alleges that John Doe and Jane Doe both committed libel against him in a blog post on a website called Avenger Social. This blog is hosted by WordPress, which is owned by Automattic, Inc., a Delaware corporation. Neither WordPress nor Automattic, Inc. is named as parties to this suit.

Plaintiff alleges that John Doe blogs under the handle "Jaybyrdtoldtweety," or simply, "Jaybyrd." On May 28, 2016, John Doe posted a blog entry titled: "Mr. Not So Hardness Michael H. Blank." According to plaintiff, John Doe claimed the post originated from an email sent to him by Jane Doe, who is referenced in the post as "The Women of Twitter." The blog post includes several screenshots of plaintiff's Twitter posts, as well as screenshots of what purports to be plaintiff's Amazon wish list. (Docket No. 4, Ex. 8). The post also contains

commentary that allegedly suggests that plaintiff is impotent; that plaintiff is a crossdresser; and that plaintiff harasses and abuses women. (Docket No. 1 at 5). Plaintiff asserts that Jane Doe emailed the information to John Doe, who posted Jane Doe's email with some additional commentary.

Plaintiff's complaint states that he lives in Chesterfield, Missouri. (Docket No. 1 at 2). However, with regards to John Doe and Jane Doe, he does not provide a job or title, street address, city and county, state and zip code, telephone number, or email address. In short, there is no information as to the citizenship of John Doe or Jane Doe. (Docket No. 1 at 2, 7).

Plaintiff seeks $10,000 in actual damages for the time he spent addressing the blog post, and a further $500,000 in punitive damages based on the "post's targeted and malicious nature." (Docket No. 1 at 6). He asserts diversity of citizenship as the basis for this Court's jurisdiction.

On August 13, 2018, the Court ordered plaintiff to show cause why his case should not be dismissed for lack of subject matter jurisdiction. (Docket No. 3). The Court noted that plaintiff has the burden of establishing diversity of the parties, but has not done so, due to the fact that he has named fictitious parties. Plaintiff was given twenty-one days in which to show cause why his case should not be dismissed.

Plaintiff filed a response to the Court's show cause order on September 4, 2018. (Docket No. 4). His filing acknowledges that no federal question exists and his ability to continue his case rests upon determining total diversity of the parties involved. (Docket No. 4 at 1).

Plaintiff states that he has attempted to identify the parties allegedly liable for defaming him, but has been unable to do so. He has obtained internet protocol (IP) addresses for both the Avenger Social website, which is hosted by WordPress, an Automattic Company, and for Tutanota, the email provider for Avenger Social. Based on the IP addresses, plaintiff has

2

determined that the Avenger Social website has a physical location of San Francisco, California. The main IP address of Tutanota, the email provider, returned a physical location in Germany. (Docket No. 4 at 2). Plaintiff acknowledges that identifying Jane Doe "definitively" will depend on determining John Doe's identity and compelling his disclosure of her identity.

In order to determine the identities of the two defendants, plaintiff requests that the Court grant his "Ex Parte Motion for Expedited Discovery." If granted, plaintiff intends to issue third-party subpoenas to Automattic's Word Press Company and, if necessary, to Twitter. He asserts that these subpoenas will allow him to establish the "legal name, address, phone number and other relevant information to determine if the proper diversity exists with defendants John Doe and Jane Doe." (Docket No. 4 at 2-3).

## Discussion

The Court's order of August 13, 2018, directed plaintiff to show cause in writing why his case should not be dismissed for lack of subject matter jurisdiction. (Docket No. 3). Specifically, the Court noted that plaintiff was asserting jurisdiction based on diversity of citizenship, but that his complaint named two fictitious parties as defendants. Because the citizenship of the fictitious parties could not be determined, plaintiff had not carried his burden of establishing the existence of diversity jurisdiction. Plaintiff's response to the Court has not rectified this deficiency.

### A. Failure to Establish Diversity Jurisdiction

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts

3

are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute"). The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). As such, the issue of subject matter jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

Federal courts have subject matter jurisdiction over both federal question cases and diversity of citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding that subject matter jurisdiction is lacking if neither diversity of citizenship nor federal question jurisdiction applies); *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting that Congress has directed that district courts shall have jurisdiction in both federal question and diversity cases). In this case, plaintiff acknowledges there is no basis for federal question jurisdiction. (Docket No. 4 at 1). Accordingly, in order to establish the existence of subject matter jurisdiction, he must rely on diversity of the parties.

"Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). A complaint making a good faith allegation of the jurisdictional amount is sufficient to confer jurisdiction. *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir.

4

2010). However, a "complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id. See also Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002). "The legal certainty standard is met where the legal impossibility of recovery is so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017).

"Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). For purposes of diversity, state citizenship requires an individual's physical presence in the state coupled with an indefinite intention to remain there. *Blakemore v. Missouri Pac. R.R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986).

In his complaint, plaintiff lists two fictitious parties, John Doe and Jane Doe, as defendants. He has not provided a job or title, street address, city and county, state and zip code, telephone number, or email address for either defendant. Rather, plaintiff states that this information is "unknown." Likewise, plaintiff's response to the Court's order to show cause also fails to provide information regarding the citizenship of John Doe or Jane Doe.

The party asserting diversity jurisdiction has the burden of establishing it. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010). "Given this burden, the general rule has been that, on challenge, the diverse citizenship of the fictitious defendants must be established by the plaintiff in order to continue a federal court action." *Lee v. Airgas Mid-South, Inc.*, 793 F.3d 894, 899 (8th Cir. 2015). *See also Howell by Goerdt v. Tribune Entm't Co.*, 106 F.3d 215, 218 (7th Cir. 1997) ("[B]ecause the existence of diversity jurisdiction cannot be determined without knowledge of every defendants' place of citizenship, 'John Doe' defendants are not permitted in federal diversity suits"). As plaintiff has not ascertained the citizenship of the fictitious parties named in his

5

complaint, he has not established the diversity of the parties. Therefore, his complaint must be dismissed for failure to establish the Court's subject matter jurisdiction.

## B. Plaintiff's Ex Parte Motion for Expedited Discovery

Plaintiff's response to the Court's order to show cause includes an "Ex Parte Motion for Expedited Discovery." (Docket No. 4 at 2). Plaintiff seeks an order allowing him to "issue third-party subpoenas to Automattic's WordPress Company, and if necessary, Twitter, to determine the legal name, address, phone number and other relevant information" in order to determine if diversity exists between the parties. (Docket No. 4 at 2-3).

Generally, a party may not seek discovery from any source before the Rule 26(f) conference, unless authorized by the Federal Rules of Civil Procedure, by stipulation, or by court order. Fed. R. Civ. P. 26(d)(1). In determining whether to grant expedited discovery, courts apply either a "good cause" standard or a preliminary injunction standard. *Progressive Cas. Ins. Co. v. F.D.I.C.*, 283 F.R.D. 556, 557 (N.D. Iowa 2012). While the Eighth Circuit has not expressly adopted either standard, the majority of federal courts use the good cause standard. *Id.* "Under the good cause standard, the party requesting expedited discovery must show that the need for expedited discovery, in consideration of administration of justice, outweighs prejudice to the responding party." *Cook v. Williams*, 2009 WL 3246877, at *1 (E.D. Mo. 2009). Moreover, courts typically deny motions for expedited discovery when the movant's request is overly broad. *Monsanto Co. v. Woods*, 250 F.R.D. 411, 413 (E.D. Mo. 2008).

Expediting the discovery process is not the norm. *Progressive Cas. Ins. Co.*, 283 F.R.D. at 557. Good cause has been shown in a patent infringement case where a plaintiff needed to collect seed samples before they were destroyed. *See Monsanto*, 250 F.R.D. at 413. Good cause has also been shown in a case where the plaintiff was terminally ill and a deposition needed to be

6

taken to preserve his testimony. *See Cook*, 2009 WL 3246877, at *1. Expedited discovery has also been granted in copyright cases involving illegal file sharing on the internet. *See Paisley Park Enters., Inc. v. Ziani*, 2018 WL 6567828, at *3 (D. Minn. 2018) ("Expedited discovery for purposes of serving a complaint is particularly relevant in copyright cases involving file sharing because as a practical matter, copyright owners cannot deter unlawful peer-to-peer file transfers unless they learn the identities of the persons engaged in that activity").

Given the specific facts in this case, the Court finds that plaintiff has not shown good cause to expedite discovery. There has been no showing that evidence might be destroyed or otherwise lost if expedited discovery is not granted. He has also failed to demonstrate there are no other reasonable means to identify the defendants. Further, unlike in a copyright infringement case, plaintiff has not alleged that he is suffering an ongoing harm that can only be deterred through identification of the persons engaged in that activity.

More importantly, plaintiff has not made any showing that the entities he intends to subpoena have the information he seeks. WordPress, which plaintiff asserts is a division of Automattic, allegedly hosts the website Avenger Social. However, there is no indication that WordPress is affiliated with Avenger Social in any way, or that WordPress possesses the information plaintiff demands. That is, there is no showing that Word Press or Automattic is responsible for Avenger Social's content, or that it has access to the name and address of the individual blogger posting on the Avenger Social site as "Jaybyrdtoldtweety," much less that same identifying information about Jane Doe, who has merely emailed the site. Further, he has not made any showing that WordPress or Automattic is the appropriate target for a subpoena seeking such identifying information based solely on an IP address.

Even if WordPress had John Doe's information, plaintiff has not established how expedited discovery would identify Jane Doe, who – according to plaintiff – set this case in motion by sending an email to the Avenger Social Site. He states he would "compel" John Doe to provide this information, but there is no indication that John Doe has Jane Doe's actual name and address.

Similarly, plaintiff fails to demonstrate how a subpoena to Twitter would be successful. The offending blog post of which plaintiff complains does not contain any "tweets" – the word used to describe a posting made on Twitter – other than those that purport to be made by plaintiff himself. Instead, the post is in the form of an email allegedly received by the blogger "Jaybyrdtoldtweety," with the sender of the email signing off as "the Women of Twitter." Despite this signature line, there is no Twitter handle for Jane Doe, and nothing else upon which a search could be based. As such, it is difficult to see how Twitter could provide this information, even if subpoenaed.[1]

Plaintiff's request for expedited discovery is overbroad and fails to demonstrate that the targets of his proposed subpoenas would be able to comply. In short, he is attempting to use the Court's authority to engage in a fishing expedition in order to identify the names and addresses of two people behind an anonymous internet post, without evincing any likelihood that service of his Rule 45 subpoenas would provide the information he is seeking. In this situation, granting plaintiff's request for expedited discovery, and allowing him to issue third-party subpoenas, would not be appropriate. *See Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982) (stating that a

---

[1] Plaintiff's show cause response directs the Court's attention to a woman with the Twitter handle @JulietteIsabell. Plaintiff refers to her as "the one directly referenced female in the post." (Docket No. 4 at 2). However, upon review of the attached exhibit, which purports to be the allegedly defamatory blog post, the Twitter user @JulietteIsabell does not appear to be related to the Jane Doe sought by plaintiff. Rather, the reference to @JulietteIsabell appears on the screenshot of a tweet that plaintiff apparently posted himself, in which plaintiff linked his post to that particular user.

8

"trial court has discretionary power to refuse to subpoena witnesses and prevent abuse of process in both civil and criminal proceedings"). Therefore, plaintiff's motion for expedited discovery is denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's complaint is **DISMISSED** without prejudice. *See* Fed. R. Civ. P. 12(h)(3).

**IT IS FURTHER ORDERED** that plaintiff's "Ex Parte Motion for Expedited Discovery" (Docket No. 4) is **DENIED**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

A separate order of dismissal will be entered herewith.

Dated this 15th day of January, 2019.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE